# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| MELISSA G., | ) |
| | ) |
| Plaintiff, | ) No. 18 C 3312 |
| | ) |
| v. | ) Magistrate Judge M. David Weisman |
| | ) |
| NANCY A. BERRYHILL, Deputy | ) |
| Commissioner for Operations, | ) |
| performing the duties and functions | ) |
| not reserved to the Commissioner | ) |
| of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Melissa G. brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Social Security Administration's ("SSA's") decision denying her application for benefits. For the reasons set forth below, the Court reverses the SSA's decision.

## Background

Plaintiff applied for benefits on January 28, 2013, alleging a disability onset date of January 1, 2009. (R. 174-76.) Her application was denied initially, on reconsideration, and after a hearing before an ALJ. (R. 174, 191, 200-11.) The Appeals Council vacated the ALJ's decision and remanded the case directing the ALJ to: (1) "Accurately identify the record upon which the decision is based by identifying, arranging, and marking all material evidence as exhibits . . . and preparing an exhibit list if a partially favorable or unfavorable decision is issued;" (2) "Provide the claimant and the representative an opportunity before the hearing to examine the material that constitutes or will constitute the evidence of record;" and (3) "[I]f necessary, obtain additional

evidence from a medical expert to clarify the nature and severity of the claimant's impairments." (R. 194-95.)

On August 8, 2017, the ALJ held a hearing on the remanded case at which a medical expert ("ME"), Dr. Rosenfeld, testified. (*See* R. 34-66.) In a decision dated August 31, 2017, the ALJ denied plaintiff's claim. (R. 14-25.) The Appeals Council declined review, leaving the ALJ's decision as the final decision of the SSA, reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

**Discussion**

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous, it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 416.920(a). The SSA must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which he claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any

listed impairment; (4) the claimant retains the residual functional capacity to perform his past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the application date. (R. 16.) At step two, the ALJ determined that plaintiff has the severe impairments of "seizure disorder; depression; anxiety; and schizoaffective disorder." (*Id.*) At step three, the ALJ found that plaintiff's impairments do not meet or medically equal the severity of a listed impairment. (R. 17.) At step four, the ALJ found that plaintiff has no past relevant work (R. 24) but has the residual functional capacity ("RFC") to perform the full range of work at all exertional levels but is "limited to simple, repetitive and routine, one-to-three step instructions, with routine changes only; should work primarily alone, having only incidental contact with the general public, and no more than occasional contact with co-workers." (R. 18.) At step five, the ALJ found that jobs exist in significant numbers in the national economy that plaintiff can perform, and thus she is not disabled. (R. 24-25.)

Plaintiff contends that the ALJ erred in giving "[l]ittle weight" to the opinions of Dr. Sue Ellen Foley, who performed a comprehensive psychological evaluation of plaintiff in February 2013. (*See* R. 20.) The evaluation was conducted over four days in English, not in plaintiff's native German, and yielded scores in the extremely low range for general cognitive ability, verbal comprehension, working memory, and processing speed. (R. 627.) Dr. Foley noted that, due to the language issue, plaintiff's scores "may be lower than her actual abilities," but she also said that "[plaintiff's] abilities are still likely low." (*Id.*) Dr. Foley found that plaintiff has "a limited tolerance for frustration," "less than average ability to persevere in the face of obstacles," and "a tendency toward impulsive outbursts of unwarranted affect and ill-advised actions." (R. 628.) She

3

also said that plaintiff has "intrusive ideation over which she has little control" and "severe impairment of her reality testing abilities." (R. 630-31.)

The ALJ rejected these opinions because they are "based in part on inaccurate IQ scores" and "not consistent with the remaining medical evidence of record." (R. 20.) Even if the IQ scores are invalid, and Dr. Foley did not say that they are, that would be a basis for disregarding Dr. Foley's opinions with respect to plaintiff's cognitive abilities but not her opinions about plaintiff's psychological condition. Moreover, the ALJ's conclusion that the medical evidence does not support Dr. Foley's opinions is based on a few purportedly positive notes, *e.g.*, "claimant's depressive symptoms were not severe enough to require hospitalization" and her "auditory and visual hallucinations . . . were much better" (R. 21), cherry picked from medical records rife with negative findings. (*See, e.g.*, R. 668 (2/21/13 intake assessment stating that plaintiff had impaired short- and long-term memory, poor impulse control, and poor frustration tolerance); R. 720-21 (5/13/13 treatment note stating that plaintiff had a restricted affect, depressed mood, retarded psychomotor activity, impaired short-term memory, and auditory and visual hallucinations); R. 728-29 (8/2/13 treatment note stating same); R. 736-37 (9/6/13 treatment note stating same); R. 772-73 (10/4/13 treatment note stating same); R. 780-82 (10/18/13 treatment note stating same); R. 789-91 (11/8/13 treatment note stating same); R. 798-800 (6/27/14 treatment note stating same); R. 808-09 (8/25/14 treatment note stating same); R. 873-74 (9/26/14 treatment note stating same); R. 964 (3/30/15 progress note stating that plaintiff has a GAF of 40, indicating "impairment in reality testing or communication or major impairment"); R. 971 (4/27/15 progress note stating same); R. 1070 (1/19/16 mental health assessment stating that plaintiff has a GAF of 45); R. 1098 (1/17/17 mental health assessment stating same).) In short, the ALJ's rejection of Dr. Foley's opinions is not supported by substantial evidence. Further, because those opinions cast doubt on

the ALJ's findings that plaintiff is only moderately limited in (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, and maintaining pace; and (4) adapting and managing herself (R. 17), this case must be remanded for reconsideration of Dr. Foley's opinions.

The ALJ also improperly assessed the opinions of plaintiff's treating therapist, Emily McKernan, LCSW. Ms. McKernan opined that plaintiff was markedly restricted in activities of daily living, socialization, and the ability to sustain concentration and attention. (R. 1272-73.) The ALJ gave "[l]ittle weight" to these opinions because:

> [T]he[] restrictions are inconsistent with the medical evidence of record, as well as the claimant's own reports of functioning. The claimant's reports of taking care of her son and doing chores around the house is [sic] not consistent with marked restrictions, and Ms. McKennan's [sic] own treatment notes do not observe the claimant to have poor hygiene or grooming. The claimant has reported attending her son's plays and taking him to the zoo. She has also been able to successfully engage in group therapy, activities which are not consistent with a marked impairment in social functioning. The claimant has not been diagnosed with any cognitive or intellectual disorder and had concrete thinking. She was able to use public transportation on her own. All of these findings are not consistent with marked restriction in maintaining concentration, persistence, or pace.

(R. 22-23.)

First, as discussed above, the restrictions to which Ms. McKernan opined are not inconsistent with the medical evidence. Second, as the Seventh Circuit has noted, a claimant's ability to do household tasks does not mean she is not disabled. *See Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012) ("The critical differences between activities of daily living and activities in a full-time job are that a person has more flexibility in scheduling the former than the latter, can get help from other persons . . . , and is not held to a minimum standard of performance, as she would be by an employer."); *Punzio v. Astrue*, 630 F.3d 704, 712 (7th Cir. 2011) (stating that a claimant's "ability to struggle through the activities of daily living does not mean that she can

manage the requirements of a modern workplace"). Third, Ms. McKernan said plaintiff has a marked restriction in socialization because she "struggles to manage her anger" (R. 1272), an opinion that is not undermined by plaintiff's attendance at her son's plays or participation in group therapy. Fourth, Ms. McKernan did not opine that plaintiff was restricted in adapting or maintaining herself, so her hygiene and grooming are not an issue. Finally, the ALJ does not explain, and the Court cannot discern, how plaintiff's ability to take public transportation and her lack of a diagnosed cognitive impairment shed any light on her ability to maintain concentration, persistence, or pace. In short, the ALJ's rejection of Ms. McKernan's opinions is not supported by substantial evidence.

Instead of crediting the treaters' opinions, the ALJ gave "great weight" to the opinions of the ME, who had not examined plaintiff. (*See* R. 23.) The ME testified that plaintiff was moderately restricted in understanding, remembering and applying information; social functioning; maintaining concentration, persistence, or pace; and adapting and managing herself. (R. 58-59.) The ALJ credited these opinions because the ME is a mental health specialist, is familiar with Social Security regulations, and her opinion is consistent with the medical evidence. (R. 23.) As discussed above, however, the medical evidence does not support the ME's opinions and the fact that she is familiar with SSA's regulations is an insufficient basis for favoring her opinions, as a non-examining physician, over those of Dr. Foley, who examined plaintiff. *See* 20 C.F.R. § 416.927(c)(1) ("Generally, we give more weight to the medical opinion of a source who has examined you than to the medical opinion of a medical source who has not examined you.").

In sum, the case must be remanded for a reassessment of the medical evidence. Moreover, because the RFC determination and symptom evaluation are bound up with the assessment of medical evidence, those issues will have to be revisited on remand as well.

## Conclusion

For the reasons set forth above, the Court grants plaintiff's motion for summary judgment [12], denies the SSA's motion for summary judgment [17], reverses the SSA's decision, and remands this case for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED.**            **ENTERED:** February 28, 2019

*M. David Weisman*
_____
**M. David Weisman**
**United States Magistrate Judge**